1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10                    **EASTERN DIVISION**

11

12  MARTHA ALISIA MENDEZ,        )    No. EDCV 08-1404 CW
                                 )
13                Plaintiff,     )    DECISION AND ORDER
           v.                    )
14                               )
    MICHAEL J. ASTRUE,           )
15  Commissioner, Social         )
    Security Administration,     )
16                               )
                  Defendant.     )
17  _____  )

18

19      The parties have consented, under 28 U.S.C. § 636(c), to the

20  jurisdiction of the undersigned Magistrate Judge.  Plaintiff seeks

21  review of the Commissioner's denial of disability benefits.  As

22  discussed below, the court finds that the Commissioner's decision

23  should be reversed and this matter remanded for further proceedings,

24  on the basis that the record has not been fully developed.

25                       **I.  BACKGROUND**

26      Plaintiff Martha Alisia Mendez was born on July 8, 1972, and was

27  thirty-four years old at the time of her administrative hearing.

28  [Administrative Record ("AR") 122, 353.]  She has a tenth grade

                              1

1   education and past relevant work experience an office administrator.

2   [AR 36, 150.]  Plaintiff alleges disability on the basis of three

3   discs injured in her lower back, upper extremity limitations, the need

4   to utilize a cane, the need to lie down due to back pain, obesity and

5   depression. [AR 39; Joint Stipulation ("JS") at 10.]

6       Plaintiff applied for disability insurance benefits ("DIB") on

7   October 18, 2005, and supplemental security income ("SSI") on

8   September 15, 2005, alleging disability since August 24, 2004. [AR

9   28.]  After the applications were denied initially and on

10  reconsideration, Plaintiff requested an administrative hearing on June

11  27, 2006. [AR 52-56.]  In a written notice dated August 4, 2006, the

12  Commissioner informed Plaintiff that her request had been granted and

13  that Plaintiff would receive future notice setting the hearing date.

14  [AR 56-57.]  The notice informed plaintiff that she had a right to

15  representation at the hearing, that a representative "can help you get

16  evidence, prepare for the hearing, and present your case at the

17  hearing," that "some private lawyers charge a fee only if you receive

18  benefits," and that "some organizations" may provide free legal

19  representation. [AR 56.]  Subsequent notices dated May 17, 2007, and

20  May 24, 2007, informed Plaintiff of her right to representation. [AR

21  60-63.]

22      An administrative hearing was held on June 13, 2007. [AR 353.]

23  Plaintiff appeared without counsel. [Id.] At the start of the hearing,

24  the ALJ stated the following:

25          [I]t's my responsibility to see that you have a full and fair
            hearing today, so I want to discuss with you some of the
26          important rights you have and talk about how we'll proceed today.
            One of the most important rights you have is a right to counsel
27          or an attorney to represent you, but there's no requirement that
            you be represented by counsel.  You're entitled to proceed
28          representing yourself and you can have a witness testify on your

                                       2

behalf.  As I reviewed the exhibit file, I see that you've been sent notices advising you of your right to counsel.  I see you're here without counsel at this time, so I'm thinking it appears that you've decided to proceed without counsel.  Is that what you want to do?

Plaintiff responded, "Yes, sir." [AR 355.]  The hearing then proceeded. [AR 355-87.]  The ALJ subsequently denied benefits in a decision dated July 26, 2007. [AR 28-36.]  When the Appeals Council denied review on August 19, 2008, the ALJ's decision became the Commissioner's final decision. [AR 4.]

## II.  **PROCEEDINGS IN THIS COURT**

Plaintiff's complaint was filed on October 10, 2008.  On April 8, 2009, defendant filed an answer and plaintiff's Administrative Record ("AR").  On July 6, 2009, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

## III.  **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence.  However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits.  See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir.  2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir.

1    1998); <u>Smolen v. Chater</u>, 80 F.3d 1273, 1279 (9th Cir. 1996); <u>Moncada</u>
2    <u>v. Chater</u>, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

3         "Substantial evidence is more than a scintilla, but less than a
4    preponderance." <u>Reddick</u>, 157 F.3d at 720.  It is "relevant evidence
5    which a reasonable person might accept as adequate to support a
6    conclusion." <u>Id</u>.  To determine whether substantial evidence supports
7    a finding, a court must review the administrative record as a whole,
8    "weighing both the evidence that supports and the evidence that
9    detracts from the Commissioner's conclusion." <u>Id</u>.  "If the evidence
10   can reasonably support either affirming or reversing," the reviewing
11   court "may not substitute its judgment" for that of the Commissioner.
12   <u>Reddick</u>, 157 F.3d at 720-721; <u>see also</u> <u>Osenbrock</u>, 240 F.3d at 1162.

13                          **IV.   <u>DISCUSSION</u>**

14        **A.   ISSUES IN DISPUTE**

15        The parties' Joint Stipulation raises the following disputed
16   issues:

17        1.   Whether the ALJ obtained an informed waiver of Plaintiff's
18             right to representation;

19        2.   Whether the ALJ properly considered all of the relevant
20             medical evidence;

21        3.   Whether the ALJ properly considered and developed the
22             vocational issues; and

23        4.   Whether the ALJ properly considered Plaintiff's subjective
24             complaints and credibility.

25        [JS at 3.]

26        As noted above, Issue One is dispositive.

27        **B.   RIGHT TO REPRESENTATION**

28        A Social Security claimant has a statutory right to be

                                    4

represented by counsel at an administrative hearing. 42 U.S.C. § 406[1];

20 C.F.R. §§ 404.1700, 416.1500.  Although the absence of counsel,

standing alone, does not deprive a claimant of a fair hearing, the

Commissioner has a duty to inform the claimant of the right to

counsel, so that the claimant may decide knowingly whether he or she

wishes to waive this right.  Edwards v. Sullivan, 937 F.2d 580, 585

(11th Cir. 1991); Thompson v. Sullivan, 933 F.2d 581, 584 (7th Cir.

1991); Clark v. Schweiker, 652 F.2d 399, 403 (5th Cir. 1981).  A

claimant must be informed not only of his or her right to counsel, but

of the importance of having an attorney, of the availability of free

legal services to represent indigent claimants, and the limits on fees

to private counsel to twenty-five percent of retroactive benefits.

Binion v. Shalala, 13 F.3d 243, 245 (7th Cir. 1994); Smith v.

Schweiker, 677 F.2d 826, 829 (11th Cir. 1982); Clark, 652 at 403; see

also Blom v. Barnhart, No. 04-C-0912, 363 F. Supp. 2d 1041, 1046 (E.D.

Wis. March 26, 2005)(finding uninformed waiver invalid even though

claimant was an attorney).

        If a claimant's waiver is invalid, reversal is appropriate if

"the claimant can demonstrate prejudice or unfairness in the

administrative proceedings."  Vidal v. Harris, 637 F.2d 710, 713 (9th

Cir. 1981)(quoting Hall v. Sec. of Health, Ed. and Welfare, 602 F.2d

1372, 1378 (9th Cir. 1979).  Where a claimant is unrepresented by

counsel, it is "incumbent upon the ALJ to conscientiously and

---

[1]   The statute states, in pertinent part, "The Commissioner of
Social Security shall notify each claimant in writing, together with
the notice to such claimant of an adverse determination, of the
options for obtaining attorneys to represent individuals in presenting
their cases before the Commissioner of Social Security.   Such
notification shall also advise the claimant of the availability to
qualifying claims of legal services organizations which provide legal
services free of charge."  42 U.S.C. § 406(c).

scrupulously probe into, inquire of, and explore all the relevant facts" at the hearing so as to protect the claimant's interests.  <u>Cox v. Califano</u>, 587 F.2d 988, 991 (9th Cir. 1978); <u>see also Higbee v. Sullivan</u>, 975 F.2d 558, 561 (9th Cir. 1992); <u>Key v. Heckler</u>, 754 F.2d 1545, 1551 (9th Cir. 1985); <u>Vidal</u>, 637 F.2d at 713-14.  When the "heavy burden imposed by <u>Cox</u>" is not met in this context, and the unrepresented claimant may have been prejudiced, "the interests of justice demand that the case be remanded."  <u>Vidal</u>, 637 F.2d at 714-15.

The record in this case indicates that Plaintiff's waiver of her right to counsel was not fully informed.  Neither the written notices provided to Plaintiff prior to the hearing nor the ALJ's cursory statement at the hearing advised Plaintiff of the twenty-five percent limit on fees.  See <u>Binion</u>, 13 F.3d at 245 (finding waiver invalid when Plaintiff was not advised of twenty-five percent cap on fees); <u>Clark</u>, 652 F.2d at 403 (same); <u>Blom</u>, 363 F. Supp. 2d at 1046 (same). This explanation is particularly important "where shortage of funds is likely to be an issue for the claimants" because they may believe, incorrectly, that they cannot afford private counsel.  <u>Thompson</u>, 933 F.2d at 585.  Moreover, Plaintiff's limited education raises questions as to whether she read the notices or responded to the ALJ's question regarding her right to counsel with full understanding.  See <u>Vidal</u>, 637 F.2d at 714 (finding "serious question" whether claimant with limited reading skills validly waived right to counsel).

Plaintiff's lack of representation at the hearing was prejudicial because the Commissioner's heavy burden to develop the record, imposed by <u>Cox</u>, was not met.  <u>Vidal</u>, 637 F.2d at 713-14.  The transcript of the administrative hearing indicates that Plaintiff was prejudiced by an inadequate examination of the vocational expert:  the testimony was

1  brief and did not include any inquiry as to whether an individual with
2  Plaintiff's limitations could perform substantial gainful activity
3  after taking into account, for example, Plaintiff's allegations that
4  she had upper extremity limitations and needed to use a cane.  The
5  record further indicates that Plaintiff was completely incapable of
6  challenging the vocational expert's conclusions. [AR 387.]  "Had the
7  claimant been represented by counsel at the hearing, it is likely that
8  cross-examination of the vocational expert would have revealed this
9  relevant information."  <u>Vidal</u>, 637 F.2d at 715 (finding prejudice
10 under <u>Cox</u> when unrepresented claimant was ill-equipped to question
11 vocational expert).  Accordingly, remand for further proceedings is
12 appropriate.

13      **C.   REMAND FOR FURTHER PROCEEDINGS**

14     The decision whether to remand for further proceedings is within
15 the discretion of the district court.  <u>Harman v. Apfel</u>, 211 F.3d 1172,
16 1175-1178 (9th Cir. 2000).  Where no useful purpose would be served by
17 further proceedings, or where the record has been fully developed, it
18 is appropriate to exercise this discretion to direct an immediate
19 award of benefits.  <u>Harman</u>, 211 F.3d at 1179 (decision whether to
20 remand for further proceedings turns upon their likely utility).
21 However, where there are outstanding issues that must be resolved
22 before a determination can be made, and it is not clear from the
23 record that the ALJ would be required to find the claimant disabled if
24 all the evidence were properly evaluated, remand is appropriate.  <u>Id</u>.
25 Here, as set out above, outstanding issues remain before a finding of
26 disability can be made.  Accordingly, remand is appropriate.

27
28

1

**V.   ORDERS**

2

Accordingly, **IT IS ORDERED** that:

3

1.   The decision of the Commissioner is **REVERSED**.

4

2.   This action is **REMANDED** to defendant, pursuant to Sentence

5

Four of 42 U.S.C. § 405(g), for further proceedings as discussed

6

above.

7

3.   The Clerk of the Court shall serve this Decision and Order

8

and the Judgment herein on all parties or counsel.

9

10

DATED:   July 13, 2009

11

_____/S/_____
                        CARLA M. WOEHRLE

12

United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8